IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VARGAS SALAZAR,

    Plaintiff,                              No. 2:07-cv-00848 ALA P

    vs.

T. L. Carey, et al.,                              <u>ORDER</u>

    Defendants.

_____/

    On October 18, 2006, Mr. Salazar, along with four other plaintiffs, brought this action against the Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of their rights guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution. On May 2, 2007, Magistrate Judge Kimberly J. Mueller issued an order dismissing the Plaintiffs' complaint. The Order stated that: "Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint." The Order cautioned that "[f]ailure to file an amended complaint or a new application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed." On June 29, 2007, Magistrate Judge Mueller issued her Findings and Recommendations suggesting that this action be dismissed without prejudice because Mr. Salazar has failed to comply with the Court's May 2, 2007 order. No objection to the Findings and Recommendations has been filed by either side.

1

**I**

Under 28 U.S.C. § 636(b)(1), this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Additionally, "determinations of law by the magistrate judge are reviewed de novo by [] the district court." *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).

**II**

Rule 41(b) of the Federal Rules of Civil Procedure provides that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

**III**

"District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik*, 963 F.2d at 1260 (internal quotation marks omitted). In determining whether to dismiss a case for failure to comply with a court's order to file an amended complaint this Court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61.

In considering these factors, the Court finds that four of the five factors weigh in favor of dismissal with prejudice. This case has been on the Court's docket since October of 2006. Mr. Salazar's failure to comply with the Court's order to amend his complaint

has caused this litigation to come to a complete halt.  Dismissal would serve the public's interest in expeditious resolution of litigation, and it would permit the Court to focus its attention on cases where the litigant is actually proceeding with the action.  *See Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal").  Mr. Salazar's noncompliance has also needlessly caused congestion in the Court's docket.  "The court cannot manage its docket if it maintains cases in which plaintiffs fail to keep an operative complaint on file by filing an amended complaint."  *Moralez v. City of Fresno*, No. CV F 06-0224, 2006 WL 2085036, at *2 (E.D. Cal. July 25, 2006).

The risk of prejudice to the Defendants also favors dismissal.  "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  "[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend."  *Yourish*, 191 F.3d at 991.  The Ninth Circuit has found sufficient risk of prejudice to a defendant when the plaintiff fails to provide adequate explanations for his or her failure to comply with orders from the district court.  *See Malone*, 833 F.2d at 131 (in "hold[ing] that the prejudice to the Government from Malone's actions was sufficient to justify an order of dismissal . . . we place particular reliance on the district court's determination that Malone's excuse for her conduct was groundless").  In this case, Mr. Salazar has failed to provide any explanation for his failure to comply with the Court's May 2, 2007 order.  Thus, Mr. Salazar's unjustified violation of this Court's May 2, 2007 order prejudiced the Defendants in a manner which justifies dismissal with prejudice.

"[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the consideration of alternatives requirement."  *Malone*, 833 F.2d at 132.  Magistrate Judge Mueller provided Mr. Salazar with thirty days to amend his complaint.  In her May 2, 2007 order, Magistrate Judge Mueller warned that noncompliance with the

order "will result in a recommendation that the plaintiff's action be dismissed." Mr. Salazar failed to comply with that order, which caused Magistrate Judge Mueller to recommend dismissal without prejudice on June 29, 2007.

Although public policy generally favors disposition of actions on the merits, this factor is substantially out weighed by the other four factors which all favor dismissal with prejudice. Additionally, courts faced with similar situations have approved of dismissing the case with prejudice. *See Yourish*, 191 F.3d at 992 (affirming dismissal with prejudice after plaintiffs failed to obey the district court's order to file an amended complaint within sixty days); *Moralez*, 2006 WL 2085036, at *2 (dismissing the action after plaintiff failed to file an amended complaint); *Guice v. City of Fairfield*, No. 2:06-cv-1377, 2007 WL 512507, at *1 (E.D. Cal. Feb. 12, 2007) (same). The Magistrate Judge only recommended dismissal without prejudice. Because Mr. Salazar has failed to provide an explanation for his failure to file an amended complaint, the Magistrate Judge's recommendation that this matter be dismissed is accepted. However, the recommendation that the dismissal should be without prejudice is rejected because Mr. Salazar has failed to provide an explanation for his failure to amend his complaint as ordered on May 2, 2007.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is dismissed with prejudice; and
2. The Magistrate Judge's recommendation that this matter be dismissed without prejudice is rejected.

DATED: August 9, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation